```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
MARIA D. LOPEZ-TIRU,                                              :   09-CV-1638 (ARR)
                                                                  :
                    Plaintiff,                                    :   NOT FOR PRINT OR
                                                                  :   ELECTRONIC
          -against-                                               :   PUBLICATION
                                                                  :
MICHAEL J. ASTRUE,                                                :   ORDER
Commissioner of Social Security,                                  :
                                                                  :
                    Defendant.                                    :
                                                                  :
----------------------------------------------------------------- X
```
ROSS, United States District Judge:

Plaintiff Maria Lopez-Tiru, proceeding pro se, seeks judicial review of the decision of the Commissioner of Social Security that she was not disabled under the Social Security Act (the "Act") for purposes of receiving Supplemental Security Income ("SSI"). The Commissioner has moved for judgment on the pleadings. The court construes plaintiff's affidavit in opposition to the Commissioner's motion as a cross-motion for judgment on the pleadings. For the reasons set forth below, the court denies the Commissioner's motion, grants plaintiff's motion insofar as it seeks reversal of the Commissioner's decision, and remands the case for further proceedings.

## BACKGROUND

On January 25, 2007, plaintiff filed an application for SSI, claiming that she was disabled under the Act due to her asthma and depression. R.16. The Commissioner initially denied her application on June 11, 2007. R. 16. Plaintiff filed a written request for a hearing on July 19, 2007. R. 16. On October 28, 2008, plaintiff appeared and testified at a hearing before Administrative Law Judge ("ALJ") Sol A. Wieselthier. R. 16. Following the hearing, on December 12, 2008, the ALJ issued a decision denying plaintiff's claim for SSI.

1

In his decision, the ALJ considered the opinion of three different medical doctors on

plaintiff's mental condition:

- First, the ALJ considered two reports from Dr. Lober Cervantes, plaintiff's treating psychiatrist, dated April 7, 2007 and October 18, 2008. R. 21. In those reports, Dr. Cervantes – who treated plaintiff on a bi-weekly basis beginning on January 13, 2007 – diagnosed plaintiff with a major depressive disorder and a panic disorder without agoraphobia. R. 201, 258. In his October 2008 report, Dr. Cervantes indicated that plaintiff's current global assessment of functioning ("GAF") rating was 50 and that her highest GAF rating during the past year had been 60. R. 258. Dr. Cervantes stated that plaintiff had moderate limitations in activities of daily living, marked difficulties in maintaining social functioning, and marked deficiencies of concentration, persistence, or pace. R. 259. He further stated that plaintiff was unable to meet competitive standards for most mental abilities needed to perform work activities. R. 260. He concluded that plaintiff's mental disorders would last for longer than twelve months and would cause her to miss more than four days of work per month. R. 261.

- Second, the ALJ considered the report from a consultative psychiatric examination conducted by Dr. Herbert Meadow on April 4, 2007. R. 21, 193-194. Dr. Meadow noted that plaintiff had been treated for the past three months for depression and anxiety. R. 21. He stated that she described her symptoms as difficulty concentrating, crying, irritability, and low self-esteem. R. 21. During the examination, plaintiff was cooperative and her manner of relating was adequate. R. 21. Her mood was depressed and she was anxious, but her affect was appropriate to thought content. R. 21. He concluded that, "although [plaintiff] does have a psychiatric disorder, it would not necessarily interfere with her ability to function on a daily basis." R. 194.

- Third, the ALJ considered the opinion of Dr. Edward Halperin, a non-examining, non-treating medical expert, who testified at plaintiff's hearing before the ALJ. R. 20. He asserted that the evidence in the record reflected that plaintiff's anxiety and depression had "a lot to do with her lack of work and financial problems." R. 20. He noted that plaintiff's GAF indicated a "moderate ability to work and that claimant should be able to relate to people." R. 20. He further noted that plaintiff was on low doses of medication and had been able to move from Puerto Rico to New York because she was concerned with financial conditions. R. 20. He concluded that it "very clearly possible" for plaintiff to work. R. 55.

After reviewing the opinions of the medical doctors, the ALJ concluded that plaintiff's

mental condition did not significantly limit her daily activities. R. 22. The ALJ noted that the

treating physician's opinion is "generally accorded controlling weight in evaluating the nature

and severity of a claimant's disability if it is well-supported by medically acceptable clinical and

diagnostic techniques and is not inconsistent with other substantial evidence in the record . . . ." R. 22. In this instance, however, the ALJ decided not to grant Dr. Cervantes' opinion controlling weight, because his opinion "was based on subjective complaints," "not supported by clinical findings," and "not confirmed to the extent claimed by the other treating physicians." R. 22-23. Rather, the ALJ afforded "great weight" to the testimony of Dr. Halperin, the non-examining, non-treating medical expert. R. 22. He also relied on plaintiff's GAF rating, which "indicate[d] a moderate ability to work." R. 22. The ALJ determined that the plaintiff had "the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limitations based on the extent of her depression and anxiety and her history of asthma." R. 19.

Considering this residual functional capacity, the ALJ determined that plaintiff could perform her past relevant work as packager in a warehouse/factory. R. 23. Accordingly, he found her not disabled under the Act and denied her claim for SSI.

## DISCUSSION

I. Standard of Review

This case comes to the court for review of the Commissioner's decision that the plaintiff is not disabled.

> Under the Social Security Act, a "disability" is defined as inability to engage in
> any substantial gainful activity by reason of any medically determinable physical
> or mental impairment which can be expected to result in death or which has lasted
> or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1). An individual is considered to be under a "disability" if his impairment is of such severity that he is unable to perform his previous work and, given his age, education, and work experience he is not able to engage in any other type of substantial gainful employment in the national economy. See 42 U.S.C. § 423(d)(2)(A). In determining whether an individual is

3

disabled, the Commissioner is to consider both objective and subjective factors, including "objective medical facts, diagnoses or medical opinions based on such facts, subjective evidence of pain and disability testified to by the claimant or other witnesses, and the claimant's educational background, age, and work experience." Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980) (citations omitted).

In order to establish disability under the Act, a claimant must prove that (1) he is unable to engage in substantial gainful activity by reason of a physical or mental impairment expected to result in death or that had lasted or could be expected to last for a continuous period of at least twelve months; and (2) the existence of such impairment was demonstrated by medically acceptable clinical and laboratory techniques. 42 U.S.C. §§ 423(d), 1382(a); see also Shin v. Apfel, No. 97-CV-8003, 1998 U.S. Dist. LEXIS 17755, at *15-*16 (S.D.N.Y. November 12, 1998) (citing cases).

The Social Security Administration ("SSA") has promulgated a five step process for evaluating disability claims. See 20 C.F.R. § 404.1520. The Second Circuit has characterized this procedure as follows:

> "First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful employment. If he is not, the [Commissioner] next considers whether the claimant has a 'severe impairment' which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience .... Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform."

Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (quoting Berry v. Schweiker, 675 F.2d 464, 467

4

(2d Cir. 1982) (per curiam)) (alterations in original). The plaintiff has the burden of establishing disability on the first four steps of this analysis. On the fifth step, however, the burden shifts to the Commissioner. Rivera v. Schweiker, 717 F.2d 719, 722-23 (2d Cir. 1983).

The court's role in reviewing the decisions of the SSA is narrowly confined to assessing whether the Commissioner applied the correct legal standards in making his determination and whether that determination is supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c); Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987); Donato v. Secretary, 721 F.2d 414, 418 (2d Cir. 1983). Substantial evidence is defined as "more than a mere scintilla": it is evidence that a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted).

II. Review of the ALJ's Decision

In his December 12, 2008 decision, the ALJ committed legal error by violating the treating physician rule and giving inappropriate weight to the testimony of a non-treating, non-examining medical expert. The ALJ also erred by mischaracterizing plaintiff's GAF rating and relying upon that mischaracterization in support of his conclusion regarding plaintiff's functional limitations. The court thus finds that reversal and remand is warranted.

*A. The ALJ Erred in His Application of the Treating Physician Rule*

In assessing the evidence supporting a disability claim under the Act, the treating physician rule requires the opinion of a treating physician to be given controlling weight if it is well-supported by medical findings and it is not inconsistent with other substantial evidence. Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998) (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)). "The treating physician rule recognizes that a physician who has a long history with a patient is better positioned to 'provide a detailed, longitudinal picture of

[a claimant's] medical impairments.'" Warren v. Astrue, No. 09-CV-6217, 2010 U.S. Dist. LEXIS 130976, at *23 (W.D.N.Y. July 27, 2010) (citing 20 C.F.R. § 404.1527(d)(2)) (alteration in original). "This rule is even more relevant in the context of mental disabilities, which by their nature are best diagnosed over time." Id. (citation omitted).

Where the ALJ does not give the treating physician's opinion controlling weight, he is required to provide good reasons for that decision. Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted). "It is well-settled that an ALJ cannot substitute her own judgment for that of a medical professional." Gunter v. Comm'r of Soc. Sec., 361 Fed. Appx. 197, 199 (2d. Cir. 2010) (citation omitted). Thus, the Second Circuit has held that

> [b]efore an ALJ may elect to discredit the medical conclusions of a treating physician, she must explicitly consider (1) the frequency of examination and length, nature, and extent of the treatment relationship, (2) the evidence in support of the physician's opinion, (3) the consistency of the opinion with the record as a whole, (4) whether the opinion is from a specialist, and (5) whatever other factors tend to support or contradict the opinion.

Id. (citation omitted). A court will "not hesitate to remand when the Commissioner has not given good reasons for the weight given to a treating physician's opinion." Id. (citation omitted).

Moreover, an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record. Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). When a treating physician's opinion "is not adequately supported by clinical findings, the ALJ must attempt, sua sponte, to develop the record further by contacting the treating physician to determine whether the required information is available." Cleveland v. Apfel, 99 F. Supp. 2d 374, 380 (S.D.N.Y. 2000) (citing 20 C.F.R. § 404.1512(e)). As the Second Circuit has held on a number of occasions, "[t]he ALJ generally has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

In reaching his determination regarding plaintiff's residual functional capacity, the ALJ failed to conduct the requisite five-factor analysis under Gunter prior to rejecting the treating physician's opinion. Instead, the ALJ rejected Dr. Cervantes' opinion after making several conclusory statements, namely, that Dr. Cervantes' opinion "was based on subjective complaints," "not supported by clinical findings," and "not confirmed to the extent claimed by the other treating physicians." These conclusory statements are not "good reasons" to reject Dr. Cervantes' opinion. "The fact that [Dr. Cervantes] . . . relied on [plaintiff's] subjective complaints hardly undermines his opinion as to [plaintiff's] functional limitations, as a patient's report of complaints, or history, is an essential diagnostic tool." Polis v. Astrue, No. 09-CV-379 (FB), 2010 U.S. Dist. LEXIS 70199, at *28 (E.D.N.Y. July 9, 2010) (citing Green-Younger v. Barnhart, 335 F.3d 99, 107 (2d Cir. 2003)) (internal quotation marks omitted). With respect to the ALJ's contention that Dr. Cervantes' opinion was not supported by clinical findings, the court notes that Dr. Cervantes' reports provide a detailed overview of plaintiff's history and symptoms, indicate her diagnoses, assess her functional limitations, and state her prognosis. R. 201-211, 257-262. "Quite frankly, the Court is unaware of what a psychiatrist is expected to do . . . other than to review the patient's history, conduct a mental status examination, and to report the results and recommendations regarding the patient's ability to function." Polis, 2010 U.S. Dist. LEXIS 70199, at *28 (citations and internal quotation marks omitted; ellipsis in original). However, to the extent the ALJ believed that Dr. Cervantes' opinion was not supported by clinical findings, he had an obligation to develop the record by contacting Dr. Cervantes. Lastly, as Gunter acknowledges, an ALJ may not reject the opinion of a treating physician simply because it is inconsistent with the opinion of non-treating physicians. He must consider all of the factors set forth in Gunter. The ALJ has failed to conduct the requisite analysis, and

7

thus he has failed to articulate "good reasons" for his rejection of Dr. Cervantes' opinion.

      *B.*     *The ALJ Erred by Giving "Great Weight" to Dr. Halperin's Testimony*

The ALJ erred by affording "great weight" to the testimony of Dr. Halperin, a non-examining, non-treating medical expert, who testified at plaintiff's hearing. "A psychiatric opinion based on a face-to-face interview with the patient is more reliable than an opinion based on a review of a cold, medical record and, as in this instance, the observation of plaintiff while giving [her] testimony at [her] disability hearing." Velazquez v. Barnhart, 518 F.Supp. 2d 520, 524 (W.D.N.Y. 2007). Thus, "[i]n the context of a psychiatric disability diagnosis, it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient." Id. Accordingly, "the conclusions of a physician who merely reviews a medical file and performs no examination are entitled to little, if any, weight." Filocomo v. Charter, 944 F.Supp. 165, 170 n.4 (E.D.N.Y. 1996). Here, the extent of Dr. Halperin's interaction with plaintiff consisted of his review of her medical records and his observation of her at a disability hearing. Because Dr. Halperin was a non-treating, non-examining medical expert, his testimony was entitled to little, if any, weight. The ALJ erred in affording "great weight" to his opinion.

      *C.*     *The ALJ Erred by Mischaracterizing Plaintiff's GAF Rating*

The ALJ erred by mischaracterizing plaintiff's GAF rating, as determined by Dr. Cervantes, and relying upon that mischaracterization in support of his residual functional capacity determination. Dr. Cervantes' October 2008 report, which was completed ten days prior to plaintiff's hearing before the ALJ, indicated that plaintiff's current GAF rating was 50. R. 258. In his decision, the ALJ stated that plaintiff's GAF rating "indicate[d] a moderate ability to work." R. 22. That statement is incorrect. As the Commissioner notes in his brief to this

court, "[a] GAF rating of 41 to 50 signifies serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or serious impairment in social, occupational, or school functioning (e.g., no friends, **unable to keep a job**)." Memorandum of Law in Support of the Commissioner's Motion for Judgment on the Pleadings, Dkt. No. 23, at 5 n.2 (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, (DSM-IV-R) 34 (4th ed., text revision, 2000)) (emphasis added). Plaintiff's GAF rating of 50 does not indicate a moderate ability to work; to the contrary, it indicates that plaintiff's mental disorder is a serious impairment in occupational functioning. The ALJ was not entitled to disregard plaintiff's most recent GAF rating of 50 in his decision simply because plaintiff's GAF rating had been as a high as 60 during the previous year. Thus, the ALJ mischaracterized plaintiff's GAF rating and incorrectly relied upon that mischaracterization in support of his decision.

For the foregoing reasons, remand is appropriate in this case. Upon remand, the ALJ shall reconsider his conclusions in light of this opinion. He shall give appropriate weight to the opinions of Dr. Cervantes and Dr. Halperin, and he shall take into consideration that plaintiff's most recent GAF rating indicates a serious impairment in occupational functioning. To the extent the ALJ believes that Dr. Cervantes' conclusions are not supported by clinical findings, the ALJ shall contact Dr. Cervantes to fill any gaps in the record. If the ALJ again rejects the opinion of plaintiff's treating physician, he shall set forth good reasons for his decision, and he shall explicitly conduct the five-factor Gunter analysis.

## CONCLUSION

For the above stated reasons, the Commissioner's motion for judgment on the pleadings is denied. Plaintiff's motion is granted insofar as it seeks reversal of the Commissioner's decision. The court remands the case for further proceedings consistent with this opinion. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: May 5, 2011
Brooklyn, New Yor

SERVICE LIST:

**Plaintiff:**
Maria D. Lopez Tiru
137-11 Mulberry Avenue
Apt.# 2
Flushing, NY 11355